UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JOHN J. FRAZER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:23-cv-00127-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

John J. Frazer is a prisoner at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Frazer recently filed a submission with this Court titled "Emergency Motion for Injunction and Declaratory Judgment." [R. 1]. Frazer also filed numerous attachments into the record, including but not limited to administrative grievance documents and information related to certain policies of the Federal Bureau of Prisons. [*See id.*] The Clerk's Office docketed Frazer's submission as a complaint for administrative purposes, and, therefore, this matter is before the Court on initial screening pursuant to 28 U.S.C. § 1915A.

The Court has reviewed Frazer's submission but will dismiss this action without prejudice. Rule 3 of the Federal Rules of Civil Procedure makes it clear that "[a] civil action is commenced by filing a complaint with the court." Here, Frazer has not yet filed either a complaint or another initial pleading,[1] and, as a result, he has not properly commenced a civil action. Thus, the Court cannot entertain Frazer's motion. *See Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief.").

The Court also cannot easily construe Frazer's motion as a pleading. That is because it is not clear from Frazer's submission whether he wants to pursue civil rights claims against one or

---

[1] Frazer also did not pay any filing and administrative fees or file a motion for leave to proceed *in forma pauperis*.

more defendants, seek habeas relief via 28 U.S.C. § 2241, or proceed in some other manner. Indeed, Frazer's filing is hard to follow, and his statements make it difficult to discern precisely how he would like to go forward. [*See* R. 1.] For example, Frazier refers to himself as a "Petitioner," but he then labels the Federal Bureau of Prisons as a "Defendant." [*Id.* at 1.] Frazer also appears to be seeking his immediate release from prison [*see id.*], while also attaching at least one document that refers to a request for millions of dollars in money damages [*see* R. 1-1 at 3.] Ultimately, since Frazer has not filed an actual pleading with the Court, the present matter cannot proceed.

In light of the foregoing, the Court will dismiss this specific action. However, the Court's dismissal will be **without prejudice.** This means that **Frazer may file one or more new civil actions with this Court, and the Court will send him the proper forms to do so.**

In order to start a civil rights case, Frazer must complete this Court's approved E.D. Ky. 520 Civil Rights Complaint Form in its entirety, sign it, and file it with the Court. He must also either pay the $402.00 in filing and administrative fees or complete the following steps to pursue pauper status: (a) fill out the AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs; (b) have prison staff fill out and sign an E.D. Ky. 523 Certificate of Inmate Account Form; and (c) file both documents with the Court.

That said, if Frazer would like to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, then he must complete the following two steps at the same time: (1) fill out this Court's approved E.D. Ky. 521 Form (§ 2241 Petition) in its entirety, sign it, and file it with the Court; and (2) pay the $5.00 filing fee, move for leave to proceed *in forma pauperis* by completing and filing the Court's AO 240 and E.D. Ky. 523 Forms, or submit a copy of a BP-199 Form that he filed with prison officials requesting that the prison withdraw funds from his inmate account to pay the filing fee.

Accordingly, it is **ORDERED** as follows:

1. The present matter [R. 1] is **DISMISSED** without prejudice, and this specific action is **STRICKEN** from the docket. The Court is not assessing any fees at this time.

2. The Clerk's Office shall send Frazer a blank, Court-approved Civil Rights Complaint Form [E.D. Ky. 520 Form].

3. The Clerk's Office shall also send Frazer a blank, Court-approved Petition for a Writ of Habeas Corpus Under § 2241 [E.D. Ky. 521 Form].

4. Lastly, the Clerk's Office shall send Frazer the following blank forms:

    a. an Application to Proceed in District Court Without Prepaying Fees or Costs [AO 240 Form]; and

    b. a Certificate of Inmate Account Form [E.D. Ky. 523 Form].

5. The Court's without-prejudice dismissal means that **Frazer may file one or more new civil actions with this Court**. However, if Frazer chooses to file a new civil action—a civil rights action and/or a habeas case—then he must do so properly by utilizing the corresponding Court-approved forms and proceeding in accordance with the instructions set forth above.

This the 1st day of May, 2023.

Gregory F. Van Tatenhove
United States District Judge